UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

                                    )
DANIEL H. GEORGE, JR.               )
        Petitioner,                 )
                                    )
        v.                          )  CIVIL ACTION NO. 07-11568-PBS
                                    )
UNITED STATES OF AMERICA,           )
        Respondent.                 )
                                    )

## MEMORANDUM AND ORDER

April 9, 2008

Saris, U.S.D.J.

### I. INTRODUCTION

Petitioner Daniel H. George, Jr., convicted of tax evasion, moves pursuant to 28 U.S.C. § 2255 to vacate his conviction on the ground of ineffective assistance of counsel. His petition is **DENIED**.

### II. BACKGROUND

George, a self-taught chemist, researched, developed, and sold a series of nutritional supplements out of his home in Rockport, Massachusetts and through partnerships with various companies. He holds four patents. In 2003, he was indicted on four counts of tax evasion for the years 1996, 1997, 1998, and 1999 for his failure to pay taxes on over $800,000 of income he earned through sales of his products and interest income he earned on account balances. His primary defense was that the monies he received constituted charitable donations given to him by various benefactors and that he believed that such monies were

not taxable.  On May 18, 2004, a jury found George guilty on four counts of tax evasion.  The evidence at trial showed that George "ultimately accumulated over six million dollars in various bank accounts."  United States v. George, 448 F.3d 96, 98 (1st Cir. 2006).  The district court sentenced George to thirty months of incarceration and thirty-six months of supervised release.

George subsequently filed a motion for a new trial alleging, *inter alia*, that evidence discovered post-trial weakened the government's showing as to the element involving an affirmative act of evasion.  Specifically, George submitted decades-old documents from the Social Security Administration and Bureau of Prisons that contained transpositions of his social security number.  He argued that this evidence showed that the use of erroneous social security numbers in connection with his business bank accounts was an innocent error and not the affirmative act of evasion the government contended it had been.  The district court denied George's motion, and George appealed.  The First Circuit affirmed, agreeing with the district court that the "new evidence creates no realistic likelihood of acquittal."  George, 448 F.3d at 101-02.

In his appeal, George also argued that the court erred by failing to instruct the jury *sua sponte* about a defense based on 26 U.S.C. § 501(c)(4), which exempts from taxation "[c]ivic

leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare." 26 U.S.C. § 501(c)(4)(A). George argued on appeal that, during the years in question, he "was 'obviously' running a non-profit scientific foundation," and thus entitled to exemption, because "sales by such an entity are exempt from federal taxation." George, 448 F.3d at 100. The First Circuit affirmed the conviction, finding no error in the failure to instruct since George had never requested such an instruction, the instruction was contrary to the defense's theory at trial, and, in any event, there was insufficient evidence produced at trial to warrant such an instruction. See id. at 100-01.

Released from custody on June 15, 2007, George is on supervised release. On August 22, 2007, George timely filed a petition under 28 U.S.C. § 2255 to vacate his judgment, alleging ineffective assistance of trial counsel in violation of the Sixth Amendment.

### III. DISCUSSION

Petitioner George brings this § 2255 petition alleging a Sixth Amendment violation for ineffective assistance of counsel. To succeed on an ineffective assistance claim, the petitioner must establish that (1) counsel's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, "but for counsel's unprofessional

errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Review of trial counsel's performance is "highly deferential" and subject to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "[T]he Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense." Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994). Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689.

**Section 501(c)(4) Claim**

George's ineffective assistance claim rests primarily on the failure of his trial counsel to argue a specific defense theory based on § 501(c)(4). At trial, defense counsel argued that the payments were gifts or donations to George's foundation. His defense counsel

> painted George as a reclusive and eccentric genius, emphasizing that he lived as a pauper in a small house supported only by Social Security disability payments of approximately $9,000 a year. The defense called attention to the fact that George had never used any of the supplement proceeds for himself, but had saved the money with the goal of building a non-profit research foundation. Finally, the defense highlighted the fact

> that, following his indictment, George had established the Biogenesis Foundation, Inc., which received tax-exempt status from the IRS under 26 U.S.C. § 501(c)(3).

George, 448 F.3d at 98-99. Unfortunately for the defense, at trial, "the government called several of George's clients, who testified that they had paid for products or services and that their payments were not gifts or donations." Id. at 98.

George argues that his attorney should have raised a defense under § 501(c)(4), because even if the payments were bona fide sales, and not gifts, income from those sales is exempt for a § 501(c)(4) entity.  In George's view, there is no pre-filing requirement for Internal Revenue Service (IRS) recognition of tax exemption under § 501(c)(4), whereas there is such a requirement under § 501(c)(3).  As such, the income from sales would not be taxable.  This theory is consistent with the witnesses' testimony that they did not intend to donate to a foundation, but instead intended to purchase nutritional supplements.  In a post-trial submission, the trial defense attorney stated, "[i]t is not correct that we made a tactical decision not to present § 501(c)(4) as a potential defense. . . . I do not see it as necessarily inconsistent with the defense I presented at trial." (Rehnquist Decl. ¶ 4.)

In a recent submission, George contends that during the years in question, he operated a "de facto non-profit organization" and marketed his non-profit, *inter alia*, through

5

websites "constructed to spread the word of my nutritional supplements." (Pet'r Aff. ¶ 7-8.)  In addition, he undertook research and development by arranging the "distribut[ion] [of] the nutritional supplements to the public for the purpose of testing the products and getting feedback . . . with respect to the effectiveness of the products and the refinement of the technology for their production and consumption." (Pet'r Aff. ¶ 8.)  Finally, George entered into strategic partnerships with at least three individuals who headed for-profit nutrition-related companies. (Pet'r Aff. ¶ 8.)  He states that he worked with others to "educate the public about personal and environmental health." (Pet'r Aff. ¶ 7.)  George also contends that his business income was earmarked to build a laboratory to carry on his "humanitarian work." (Pet'r Aff. ¶ 9.)  On or about July 8, 2003, he submitted his Application for Recognition of Exemption for the Biogenesis Foundation, Inc. under Section 501(c)(3) of the Internal Revenue Code. (Connolly Decl. ¶ 2.)  The Articles of Organization for the Biogenesis Foundation, Inc. were filed with the Commonwealth on or about May 14, 2003. (Connolly Decl. ¶ 2.)

   Generally speaking, to qualify for tax exemption under § 501(c)(4), an applicant must establish that there is "(1) an organization, that (2) is not operated for profit, and that is (3) operated exclusively for the promotion of social welfare." George, 448 F.3d at 100; see 26 U.S.C. § 501(c)(4)(A).  In

6

addition, § 501(c)(4)(A) does not apply to an entity "unless no part of the net earnings of such entity inures to the benefit of any private shareholder or individual." Id. § 501(c)(4)(B). "An organization is operated exclusively for the promotion of social welfare if it is primarily engaged in promoting in some way the common good and general welfare of the people of the community." 26 C.F.R. § 1.501(c)(4)-1(a)(2)(I). According to the IRS instructions to the Application for Recognition of Exemption Under Section 501(c)(3), "_you may, nevertheless, qualify for tax exemption as an organization described in section 501(c)(4) for the period beginning with the date you were legally formed_ and ending with the date you are recognized under section 501(c)(3)" (emphasis added).

The problem with George's new assault on the verdict is that there is scant evidence that a social welfare organization had been "legally formed" during the tax years in question (1996-1999).[1] George insists that he was operating in a manner consistent with that of a § 501(c)(4) social welfare organization, and he was squirreling away income for multiple years with the goal of eventually forming an organization. However, as the First Circuit pointed out, "the evidence suggests that George did not operate an 'organization,' given that he

---

[1] Unfortunately, the government has provided the Court with little guidance on the legal pre-requisites for tax-exemption under § 501(c)(4).

failed to engage in any traditional business behavior, such as maintaining records, hiring employees, or maintaining a formal office." George, 448 F.3d at 101. "That George may have intended to place these proceeds into a tax-exempt organization at some future point does not alter the fact that they were business profits available for his use." Id.

Moreover, it bears pointing out that George had stated to the IRS "that all the monies that he had received were 'gifts' or 'donations' from his patrons, who supported his goal of building a non-profit research laboratory." George, 448 F.3d at 98. It is little wonder defense counsel argued that these monies were gifts, as that was precisely what George told the IRS. Accordingly, Petitioner has not shown ineffective assistance of counsel based on the strategy of arguing that the money paid for the supplements should be deemed contributions.

Even if counsel were ineffective for not arguing that the money was tax-exempt income rather than a gift, George's ipse dixit that the money would be used for a social welfare purpose does not demonstrate a reasonable likelihood of acquittal if his attorney had raised the § 501(c)(4) defense. Because he cannot show cause or prejudice, as required, his ineffective assistance claim fails.

### The Social Security Numbers

George once again argues that the documents he submitted post-trial undermine the government's case as to affirmative

evasion. In general, "issues that have been raised and decided on a motion for a new trial cannot be reconsidered in a subsequent collateral attack." Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984) (internal quotation marks omitted). On appeal from the denial of George's motion for a new trial, the First Circuit considered and rejected the very argument that George raises here, stating that his new evidence "creates no realistic likelihood of acquittal." George, 448 F.3d at 102. Thus, George would fail on the prejudice prong of the Strickland test. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## IV. ORDER

George's petition is **DENIED**.

**S/PATTI B. SARIS**
United States District Judge